UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK H. KAEDING,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-121

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on petitioner's motion for leave to stay the proceedings and hold in abeyance (Doc. 2) and respondent's response in opposition, as argued in the return of writ. (Doc. 13, pp. 29-33).[1]

Petitioner raises ten grounds for relief in his form habeas petition.[2] At issue in the motion for stay and abeyance are Grounds One, Two, Five, Six, and Seven:

> **Ground One**: Prosecutorial misconduct in violation of 5th and 14th Amendments.
>
> **Supporting Facts**: Prosecutor made improper statements to the jury to incite passion and inflame them to prejudice, introduced evidence not adduced at trial to jury in closing arguments, lied to jury, misrepresenting facts and issues. Solicited know perjured testimony from prosecutrix and lead detective. Withheld exculpatory evidence, affidavit of detective and recantation of prosecutrix and prior finding of not guilty (actual statement of prosecutrix). Unconstitutionally obtained indictment in violation of absolute bar imposed by Doctrine of Collateral Estoppel.

---

[1] The Court notes that petitioner has also filed a motion for appointment of counsel, a motion for leave to conduct discovery, a motion for an evidentiary hearing and a motion for request for rulings. (Docs. 3, 4, 5, 15). In light of this Report and Recommendation petitioner's motions were denied as moot in a separate order issued this same date.

[2] Petitioner has also submitted a 62 page brief in support of his habeas petition which expounds on his claims for relief. (Doc. 1, attachment).

**Ground Two**: Ineffective assistance of counsel, of both the lead detective and prosecutrix and present that proof to the jury all violating the Petitioner's 5th, 6th and 14th Amendment rights.

**Supporting Facts**: Counsel failed his discovery duties by not putting lease into discovery which showed Appellant not guilty. Failure to investigate who was on apartment. Failure to call witnesses, failed to assert collateral estoppel, failed to investigate information proving perjured testimony.

**Ground Five**: Prosecution withheld exculpatory evidence.

**Supporting Facts**: The Hamilton County Prosecutor withheld two affidavits of Detective Konick (sic) showing the alleged rapes occurred on April 1st and April 8, 2002. They withheld from the defense police reports from BP Gas Station the night of the Petitioner's arrest. They withheld from the defense and the court a recantation by the prosecutrix made immediately after trial, the prosecutrix made a complete statement at a prior legal proceeding in which the Prosecutor withheld from the defense and the court, all this in violation of the Petitioner's rights under the 5th and 14th Amendments to a fair trial and the due process of law.

**Ground Six**: Conviction violates the Doctrine of Collateral Estoppel and as such deprived the court of subject matter jurisdiction.

**Supporting Facts**: Specifically that since the ultimate issue of fact in the Petitioner's case, whether or not sex occurred between the prosecutrix and the Petitioner prior to 11-30-2004, which was an essential element of the second prosecution for two counts of rape allegedly occurring in April of 2003, had been previously and necessarily determined in the Petitioner's favor in a prior legal proceeding, an absolute and mandatory bar to re-prosecution of the Petitioner on charges in which that ultimate issue of fact was an essential element, was invoked by the Doctrine of Collateral Estoppel, embedded within the 5th Amendment double jeopardy clause and U.S. Supreme Court precedent in *Ashe*, thus the Petitioner's re-prosecution violates his 5th and 14th Amendment rights to a fair trial and the due process of law and deprived the court of subject matter jurisdiction to re-prosecute the Petitioner due to absolute and mandatory bar imposed by the United States Supreme Court.

**Ground Seven**: Petitioner's conviction obtained through the use of known perjured testimony.

**Supporting Facts**: Specifically that the State knowingly used testimony that was found to be perjured. Detective Konick (sic), who gave sworn testimony in the form of two affidavits which were in fact completely contrary to his trial testimony which was also given under oath and he got this testimony directly

>from the prosecutrix herself making her testimony perjured as well, additionally she gave conflicting and impossible testimony as well as having given testimony in a prior legal proceeding which was completely opposite of her trial testimony under oath on essential elements to her trial testimony, as well as testimony after trial that she in fact committed perjury given to the Hamilton County Prosecutor. All of this in violation of the Petitioner's 5th and 14th amendment rights to a fair trial and due process of law.

(Doc. 1).

On February 28, 2011, the same day that petitioner filed his habeas petition, petitioner filed a motion to hold in abeyance. (Doc. 2). Petitioner seeks a stay of his pending habeas corpus action so that he can fully exhaust several claims raised in a successive post-conviction petition currently pending before the Ohio Court of Appeals.[3][4] Petitioner contends the successive petition was filed after petitioner discovered "newly discovered evidence that his conviction was obtained thru the use of perjured testimony of both the prosecutrix and the Lead Detective on the case and this perjured testimony was covered up by the prosecutor in violation of the petitioner's rights under Brady and the Due Process Clause of the USA constitution." (Doc. 2, p. 1). In support of these claims, petitioner has offered two criminal complaints signed by Detective Don Konicki, which petitioner claims he did not know about at the time of the trial and "most likely would have altered the outcome of the proceedings." (Doc. 15, Memorandum,

---

[3] As respondent has argued in the return of writ, it appears the habeas petition includes several unexhausted claims, including: "the fourth sub-claim of Ground One, in which Kaeding alleges prosecutorial misconduct by suborning perjury from the testifying detective; the sixth sub-claim of Ground Two in which Kaeding alleges that trial counsel was ineffective for not investigating facts that would have proved that the detective perjured himself; sub-claim one of Ground Five in which Kaeding alleges that the prosecution failed to turn over exculpatory evidence in the form of affidavits; sub-claim three of Ground Five in which Kaeding argues that the prosecution did not disclose certain police reports; [and] Ground Seven." (Doc. 13, pp. 29-30).

[4] The Hamilton County Clerk of Courts court records indicate that petitioner filed an appeal on April 19, 2011. As of this date, the records indicate that the state appellate court has not issued a decision. *See State v. Kaeding*, No. C 1100217 (Court of Appeals for the First Appellate District of Ohio April 19, 2011) (docket sheet), http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=C1100217. The Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

3

p. 1). Petitioner contends that the complaints, which allege that petitioner committed two counts of rape on April 1, 2002 and April 8, 2002, are factually impossible because he was incarcerated during this time. (Doc. 1, Memorandum, p. 33). Secondly, petitioner contends that the complaints would have enabled him to impeach the trial testimony of Detective Konicki and the victim, who both subsequently testified that petitioner committed his offenses in April of 2003. *Id.* Petitioner alleges that he received ineffective assistance of counsel based on counsel's failure to investigate and raise the perjury and prosecutorial misconduct claims. *Id.* at 24-25.

Petitioner also argues that the trial court lacked subject matter jurisdiction to prosecute and convict him based on a November 30, 2004 post-release control revocation hearing concerning unlawful sexual conduct with the same victim as in his criminal convictions. (*See* Doc. 1, Memorandum, pp. 25-26). Petitioner claims that based on the victim's revocation hearing testimony indicating that no sex occurred between her and petitioner, that he was found not guilty of the inappropriate sexual conduct with a minor charge. *Id.*; (*see also* Doc. 1, Exhibits F & I). Petitioner argues that his subsequent conviction violates the doctrine of collateral estoppel and alleges prosecutorial misconduct based on the State's failure to disclose the evidence in discovery. (*See* Doc. 1, pp. 12-13). Petitioner also alleges ineffective assistance of counsel based on counsel's failure "to investigate and assert the law concerning the doctrine of collateral estoppels pre-trial to successfully prevent the petitioner's reprosecution on charges in which the essential elements required were previously and necessarily determined in a prior proceeding." (Doc. 1, Memorandum, p. 24).

4

These claims were presented to the Ohio courts for the first time in petitioner's January 24, 2011 motion for relief from judgment.[5] (Doc. 14, Ex. 32). The motion was denied by the trial court on March 28, 2011, (Doc. 14, Ex. 35), and is currently pending on appeal before the Ohio Court of Appeals. Petitioner claims that his first post-conviction motion was pending for over fifteen months before the trial court issued a decision.[6] (Doc. 2). He states that "[w]ith this round of appeals still pending in the State Courts and based on the past record of the court as to the time it will take the court to rule, the petitioner will not complete this latest round of appeals before the time . . . expires to file his Federal habeas petition." *Id.* at 2. Petitioner contends that his unexhausted claims are not plainly meritless, as respondent has argued, and asks that the Court stay his pending habeas action so that he can fully exhaust his claims in the state courts and "immediately return to this Court if it becomes necessary." (Doc. 15, p. 2).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in

---

[5] Respondent contends that petitioner's ineffective assistance of counsel claim regarding collateral estoppel was raised in his untimely Rule 26(B) Application and is therefore is procedurally defaulted. (Doc. 13, pp. 17-18). As cause for the default, petitioner has argued that "petitioner had to wait to file [his 26(B)] motion until the Court ruled on his Post-Conviction petition, since counsel, of whom he would have to assert was ineffective, was still representing him on a motion in which should have gotten the petitioner a new trial if not the charges against him outright dismissed. The 15 ½ month delay in the trial court's ruling caused the petitioner to be late to say nothing of the fact that it put the petitioner in a very compromising position, forcing him to choose which constitutional right to protect, which of course is patently unfair to the petitioner." (Doc. 1, Memorandum, p. 10).

[6] The record indicates that petitioner filed his first post-conviction petition with the trial court on April 27, 2007. (Doc. 14, Ex. 13). The petition was denied on August 11, 2008. (Doc. 14, Ex. 15).

order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under this "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

After the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) adopted a "stay-and-abeyance" procedure to ensure habeas review would not be precluded in the class of cases where a timely-

filed federal habeas petition was dismissed on exhaustion grounds and petitioner subsequently returned to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims were time-barred. *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive

8

definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In the instant case, the Court finds that the petition should be stayed so that petitioner can fully exhaust his claims in the Ohio courts. The Court first determines that there is good cause for the stay in this matter. In addition to basing his unexhausted claims on information which he argues was impermissibly suppressed in discovery, petitioner has alleged the ineffective assistance of counsel based on counsel's failure to investigate and raise the unexhausted claims. Petitioner avers that he was not aware of his unexhausted prosecutorial misconduct, perjury, or ineffective assistance of counsel claims until he obtained copies of the criminal complaints from the Hamilton County Clerk of Courts and documents pertaining to his parole revocation

9

proceedings.[7] In addition, it appears petitioner can establish good cause for filing a "mixed petition" in federal court based on a reasonable uncertainty as to whether his pending post-conviction appeal with the Ohio Court of Appeals will be considered timely under Ohio Rev. Code § 2953.23(A)(1). *See Pace,* 544 U.S. at 416; *infra* note 8.

At this point in the proceedings, the Court cannot conclude that all of petitioner's unexhausted claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277-78. Furthermore, it appears that petitioner risks running afoul of the statute of limitations if his case is dismissed without prejudice and not stayed.[8] Therefore, out of an abundance of caution, the Court finds that the petition should be stayed so that petitioner may fully exhaust his claims in state court.

---

[7] In his response to the State's motion in opposition to his successive post-conviction petition in the Hamilton County Court of Common Pleas, petitioner contends that he could not have raised the unexhausted claims without knowledge of the existence of the affidavits. He states that he received the criminal complaints from the Hamilton County Clerk of Courts in "late 2010" and filed his successive post-conviction petition within ninety days of receiving the documents. As evidence of good cause, petitioner attached correspondence with the Hamilton County Clerk of Courts and the Ohio Adult Parole Authority, requesting records of his parole revocation hearing, the state's response to petitioner's demand for discovery, and the criminal complaints. *See State v. Kaeding,* No. B 0506476 (Hamilton County Court of Common Pleas March 8, 2011) (Response to the State's Motion in Opposition of Defendant's Request for Relief for Judgment), http://www.courtclerk.org/EKASH/radB557C0805083122.pdf.

[8] Under 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" application for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2). In this case, petitioner filed a timely post-conviction petition on April 27, 2007 (Doc. 13, Ex. 13), prior to the Ohio Supreme Court declining jurisdiction on direct appeal. (*See* Doc. 14, Ex. 12). The limitations period was tolled until May 5, 2010, when the Ohio Supreme Court denied petitioner's motion for reconsideration. (Doc. 14, Ex. 27). The limitations period ran for 264 days, from May 6, 2010 until January 24, 2011, when petitioner filed his successive post-conviction petition. (Doc. 14, Ex. 32).

Under Ohio Rev. Code § 2953.21, a petition for post-conviction relief must be filed within 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. A successive post-conviction petition filed after the 180-day period, as was petitioner's motion, cannot be considered unless petitioner shows that he was unavoidably prevented from discovery of facts underlying his claims and shows by clear and convincing evidence that no reasonable fact finder would have found petitioner guilty but for the alleged constitutional violations. Ohio Rev. Code § 2953.23(A)(1). Because the statute of limitations is only tolled for "properly filed" post-conviction applications, petitioner's successive petition will not

Accordingly, in sum, the Court concludes that the instant petition is a "mixed petition" containing both exhausted and unexhausted claims. Because the dismissal of the entire petition at this juncture might unreasonably impair petitioner's right to obtain federal review of any of his unexhausted grounds for habeas relief and because petitioner has demonstrated "good cause" for his failure to exhaust these claims in the state courts, it is **RECOMMENDED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a

---

serve to toll the limitations period unless the Ohio Court of Appeals finds that his motion satisfies the requirements set out by § 2953.23(A)(1). *See Pace,* 544 U.S. at 414. Should the Ohio appellate court determine that the petition is not properly filed, the statute of limitations for filing a habeas petition will have expired on May 6, 2011. Accordingly, if the Court were to dismiss his petition without prejudice, petitioner may ultimately be time-barred from refiling his habeas petition after exhausting his claims in the Ohio courts.

11

recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[9]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/8/2011
RH

Karen L. Litkovitz
United States Magistrate Judge

---

[9] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARK H. KAEDING,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-121

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Mark H. Kaeding 526-332<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 3098 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540