**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mark H. Kaeding,

     Petitioner,

         v.                      Case No.  1:11cv121

Warden, Lebanon                   Judge Michael R. Barrett
Correctional Institution,

     Respondent.

<u>**ORDER**</u>

This matter is before the Court on the Report and Recommendation ("R&R') filed by the Magistrate Judge on August 8, 2011.  (Doc. 17.)

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's R&R have been filed.

Having reviewed this matter *de novo* pursuant to 28 U.S.C. § 636, this Court finds the Magistrate Judge's R&R to be correct.  Accordingly, it is **ORDERED** that the August 8, 2011 R&R of the Magistrate Judge (Doc. 17) is hereby **ADOPTED**:

1.    The petition (Doc. 1) shall be administratively STAYED and TERMINATED on the Court's active docket pending petitioner's exhaustion of his Ohio remedies.  The stay should be conditioned on Petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review.   Petitioner is granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2.    A certificate of appealability shall not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this

case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies.  *Cf. Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing Henry v. Dep't of Corrections, 197 F.3d 1361 (11th Cir. 1999) (pre-Slack case)) (certificate of appealability denied when case dismissed on exhaustion grounds).  *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order).  "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

3.      With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore Petitioner is DENIED leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

_____ */s/ Michael R. Barrett* _____
Michael R. Barrett
United States District Judge