# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK H. KAEDING,

    Petitioner,

Case No. 1:11-cvc-121

-vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

    Respondent.

## DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 33) of the Court's Decision and Order (Doc. No. 29) overruling his Objection (Doc. No. 28) to the transfer of the reference in this case from Magistrate Judge Litkovitz to Magistrate Judge Merz.

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982, 106 S. Ct. 2895 (1986)." *Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.)  Mr. Kaedling does not suggest there is any relevant newly discovered evidence or any intervening legal authority.  The only basis for reconsideration would be a manifest error of law.

1

Petitioner says he is not insisting that his case be assigned to a particular judicial officer, but claims there is a denial of due process in changing the assignment "in the middle of the proceedings." He offers an extended analogy of substitution of a new judge in the middle of a jury trial, as if it were obvious that such a substitution would violate due process. However, he offers no authority for that proposition.

Petitioner suggests that this Court solve its problem of balancing caseloads by assigning more new cases to Dayton rather than to Cincinnati. Under the local rules of this Court, new habeas cases must be filed at the location of court which serves the Ohio county in which a petitioner was convicted. The purpose of that rule is to prevent forum shopping by petitioners. But when that assignment from time to time creates an imbalance in the workload, nothing in the Constitution or the Judicial Code prevents a transfer to rebalance the work.

Petitioner argues that "Magistrate [Judge] Merz completely ignored all argument presented concerning the unfair effect of this transfer upon this petitioner's litigation efforts." (Motion, Doc. No. 33, PageID 1539.) He insists that "[t]he liberty interest of the petitioner is paramount to any logistical concern of mere caseload management." *Id*. at PageID 1539-1540. But Petitioner does not explain what liberty interest it is that is interfered with by the transfer.

The writ of habeas corpus is designed to vindicate the liberty interest of a prisoner, to free him from unconstitutional custody. If he is in fact unconstitutionally confined, then he has a strong interest in having his habeas petition adjudicated as quickly as possible. Transfer of a habeas case to a judge with more time available to adjudicate that case advances his interest in a prompt decision.

Petitioner also complains of different treatment of his filings by the Clerk's Offices in Dayton and Cincinnati. The Clerk is not authorized to expend public funds for postage to mail a

time-stamped copy. Thus the Clerk at Dayton as a matter of policy only honors requests for time-stamped copies when they are accompanied by a return envelope with postage affixed.

The Motion for Reconsideration is denied.

July 11, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge