IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MARK H. KAEDING,

:

    Petitioner,                                        Case No. 1:11-cv-121

:             District Judge Michael R. Barrett

    -vs-                                        Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

:

    Respondent.

## MEMORANDUM REGARDING RECUSAL PORTION OF MOTION TO STRIKE REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court upon Petitioner's Motion to Strike Report and Recommendations (Doc. No. 51).

       The Magistrate Judge offers no comment on the request to strike the Report: the issues Petitioner raises have been thoroughly dealt with in the Order Striking Traverse (Doc. No. 47) and the Decision and Order Denying Motion for Relief from Judgment (Doc. No. 49).  Whether to strike the Report or instead to allow the Petitioner to file objections on November 19, 2012, the date now set, is a matter for the discretion of District Judge Barrett.  Alternatively, if the District Judge wishes, the Magistrate Judge will withdraw the Report and the Order Striking the Traverse and submit a substituted report and recommendations after considering the Traverse.

       However, Petitioner additionally asks the District Judge to "order the Magistrate to recuse himself." (Doc. No. 51, PageID 2026.)  A federal district judge retains discretion, with or without

1

a showing of cause, the vacate a reference to a magistrate judge.[1]  However, a recusal request under 28 U.S.C. § 4552 is directed in the first instance to the judge sought to be recused.  *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F.2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).  If the judge declines to recuse himself, that decision is reviewed for abuse of discretion, in this case by District Judge Barrett.  *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989).

The standard applied in evaluating recusal motions is an objective one.  "[W]hat matters is not the reality of bias or prejudice, but its appearance."  *Liteky v. United States,* 510 U.S. 540 (1994).  A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held.  *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989);  *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial.  *United States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler  v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989).  That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003)*;Bradley v. Milliken,* 620 F.2d 1143 (6th

---

[1] A plenary consent case referral under 28 U.S.C. § 636(c) may be vacated only upon a showing of good cause.  28 U.S.C. § 636(c)(4).
[2] Petitioner states that his request for recusal is made under § 455 (Motion, Doc. No. 2030).

Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979).

Mr. Kaeding plainly believes I have some personal bias against him. He asked why his case was transferred and I previously told him that hundreds of Cincinnati habeas corpus cases had been reassigned to me since January 1, 2005.³ He responds "This answer is irrelevant to the question asked. The question is, how many cases were transferred on or about June 11, 2012, in the middle of litigation, to balance the caseloads between the Districts [sic] as alleged?" (Motion, Doc. No. 51, PageID 2029). The answer is that all 126 cases have been transferred "in the middle of litigation," i.e. after the pleadings were complete. Ordinarily, cases have been reassigned five at a time, so there were probably four other cases transferred on June 11, 2012. I have no role in picking which cases are transferred – that is done solely by the Cincinnati Magistrate Judges, usually on the basis of age of the case. When they provide me with a list of cases, I prepare and sign the transfer orders, since only one judge's signature is needed. Contrary to Mr. Kaeding's suspicion, I did not assign the case to myself, nor did I "want… this case in the first place, . . . ." (Motion, Doc. No. 51, PageID 2029.)

I have no personal bias against Mr. Kaeding. I know nothing about him except what appears in the record in this case. He believes that I have engaged in "constant badgering and blatantly unfair treatment. . . .," but a judge's reactions to a litigant's behavior in the case are not a basis for recusal. Assuming I have displayed my adverse reactions to some of Mr. Kaeding's litigation conduct, that is not a basis for recusal.

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern

---

3 The precise number is 126 non-capital cases.

>   and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Liteky v. United States,* 510 U.S. 540 (1994).   I decline to recuse myself from further participation in this case as a judicial officer.

October 5, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
