UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark H. Kaeding,

    Petitioner,                                 Case No.  1:11cv121

    v.                                          Judge Michael R. Barrett

Warden, Lebanon Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court upon the Magistrate Judge's September 11, 2012 Decision and Order Denying Motions for Evidentiary Hearing and Additional Discovery; and Report and Recommendation ("R&R") on the Merits. (Doc. 45.)  In the R&R, the Magistrate Judge recommends that Petitioner's Complaint be dismissed with prejudice.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1]  Petitioner has not filed objections to the Magistrate Judge's September 11, 2012 R&R on the Merits.  Instead, Petitioner has filed a Motion to Strike Magistrate's R&R.  (Doc. 51.)  Petitioner argues that the R&R is untimely and prematurely filed. Petitioner also requests that the Magistrate Judge recuse himself.

The basis for Petitioner's Motion to Strike requires a discussion of the procedural history of this case.  On August 8, 2011, Magistrate Judge Karen Litkovitz, to whom this case was previously referred, recommended that this matter be stayed pending

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.  (Doc. 45, at 45.)

Petitioner's exhaustion of his Ohio remedies. (Doc. 17.) This Court adopted that R&R without objection, and this matter was stayed until May 30, 2012. (Doc. 24.) Upon the lifting of the stay, Respondent was ordered to file a supplemental return of writ within forty days of entry of the Magistrate Judge's Order. This case was then transferred to Magistrate Judge Merz, to whom this case is now referred.[2] Magistrate Judge Merz re-iterated that the deadline for the supplemental return of writ was July 9, 2012, and informed Petitioner that any reply would be due twenty days after the filing of the supplemental return of writ.

Respondent timely filed the supplemental return of writ on July 9, 2012. (Doc. 31.) The Magistrate Judge again notified Petitioner that any reply would be due no later than August 2, 2012. (Doc. 36.) Instead of filing a reply, Petitioner filed a motion for extension of time, which was granted. (Docs. 37, 38.) The Magistrate Judge informed Petitioner that his new deadline was October 1, 2012. (Doc. 38.) On August 8, 2012, Petitioner filed a Motion for Leave to Conduct Additional Discovery (Doc. 40) and on August 13, 2012, Petitioner filed a Motion for Appointment of Counsel (Doc. 41).[3] Petitioner had previously filed a Motion for an Evidentiary Hearing on July 27, 2012. (Doc. 35.)

On August 24, 2012, Petitioner filed his "Traverse to the Supplemental Return." (Doc. 43.)

On September 11, 2012, the Magistrate Judge denied the pending motions

---

[2] Petitioner objected to the transfer on the basis that Magistrate Judge Litkovitz was already familiar with the case and Petitioner's belief that the Clerk's office in Dayton would not provide timely notice of this Court's decisions. (Doc. 28.) These objections were overruled. (Doc.29.) Petitioner filed a Motion to Reconsider (Doc. 33), which was denied (Doc. 34.).

[3] The Magistrate Judge denied this Motion for the reasons previously given.

2

relating to an evidentiary hearing and additional discovery and recommended that Petitioner's petition be dismissed with prejudice.  (Doc. 45.)  Petitioner was informed that any objections were due fourteen days after being served with the R&R.

On September 18, 2012, Petitioner filed a document entitled "Petitioner's Traverse to Return of Writ."  (Doc. 46.)  The Magistrate Judge struck this document, explaining:

> On August 1, 2012, Petitioner sought an extension of sixty days to file traverses to both the original Return and Supplemental Return (Doc. No. 37).  In response, the Court granted an extension to file "a reply/traverse" (Order, Doc. No. 38, PageID 1776).  Petitioner filed a Traverse on August 24, 2012 (Doc. No. 43).  The Court did not grant leave to file two separate traverses.  Considering the matter to be ripe in light of the Petitioner's filing the traverse he was permitted, the Magistrate Judge prepared and filed a forty-five page Report and Recommendations on the merits of the case.

(Doc. 47, at 1-2.)  However, the Magistrate Judge granted Petitioner leave "to incorporate any arguments he believes have not been addressed in his objections to the Report and Recommendations, which must be filed by September 28, 2012."  (Id. at 2.)  Petitioner did not file any objections by that date.

Instead, on September 21, 2012, Petitioner then filed a Motion for Relief from Judgment (Doc. 48), arguing that the R&R was entered twenty days before his traverse was due.  Petitioner also asked that the case be reassigned to Magistrate Judge Litkovitz.  The Magistrate Judge denied the Motion in its entirety.  (Doc. 49.)

On September 26, 2012, Petitioner filed a Motion for Extension of Time.  (Doc. 50.)  Petitioner sought an additional sixty days to file objections to the R&R.  The Magistrate Judge granted the motion and gave Petitioner until November 19, 2012 to file his objections.  Again, Petitioner failed to file any objections by that date.  Instead,

3

on October 3, 2012, Petitioner filed his Motion to Strike which is the subject of this Order.

On November 15, 2012, Petitioner sought another extension of time and a response to the Magistrate Judge's Memorandum regarding recusal. (Doc. 52.) On November 15, 2012, the Magistrate Judge denied the extension of time. Petitioner did not file anything in response to this decision.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Even assuming that there was a reasonable misunderstanding as to whether Petitioner was permitted to file two separate traverses, the Magistrate Judge made it clear to Petitioner that he was to incorporate any arguments he would like presented in his objections. The Magistrate Judge then gave Petitioner approximately two months to complete this process. However, Petitioner failed to file any objections within that time period.

The failure to file timely objections to an R&R after being advised to do so constitutes a waiver of the right to further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to

this court if it fails to file an objection."). Accordingly, the Court finds there are no grounds to strike the Magistrate Judge's R&R and hereby adopts the Magistrate Judge's September 11, 2012 R&R on the Merits.

As part of his Motion to Strike, Petitioner also requests that the Magistrate Judge recuse himself. The Magistrate Judge has addressed this part of the Motion in a Memorandum and has declined to recuse himself from further participation. (Doc. 52.) Petitioner responded to the Magistrate Judge's Memorandum. (Doc. 53.) "Rule 72(a) of the Federal Rules of Civil Procedure requires that a district court judge find a magistrate judge's decisions concerning nondispositive matters 'clearly erroneous' before reversing any such decisions." *Chesher v. Allen*, 122 F. App'x 184, 187 (6th Cir. 2005).

Petitioner has failed to articulate an extrajudicial source of the "open display of contempt and unfairness" he claims the Magistrate Judge has shown. *See Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (explaining that alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.") (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). The Court finds the Magistrate Judge did not abuse his discretion in declining to recuse himself from further participation in this matter. Therefore, the Magistrate Judge's decision is not clearly erroneous.

Based on the foregoing, it is hereby ORDERED that:

1. Petitioner's Motion to Strike Magistrate's R&R (Doc. 51) is **DENIED**;
    a. There are no grounds for striking the Decision and Order Denying Motions for Evidentiary Hearing and Additional Discovery; and Report and Recommendation ("R&R") on the Merits;

5

    b. The Magistrate Judge did not abuse his discretion in declining to recuse himself from further participation in this matter.

2. The Magistrate Judge's September 11, 2012 Report and Recommendation ("R&R") on the Merits. (Doc. 45) is **ADOPTED**. Accordingly, Petitioner's Petition is **DISMISSED with PREJUDICE**.

3. A certificate of appealability shall not issue with respect to this Order to the extent that the Court has dismissed the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Petitioner remains free to request issuance of the certificate from the Court of Appeals. *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b);

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

5. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                                          */s/ Michael R. Barrett*
                                                         JUDGE MICHAEL R. BARRETT