# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK H. KAEDING,

:

    Petitioner,                               Case No. 1:11-cv-121

:         District Judge Michael R. Barrett
   -vs-                                    Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS ON REQUEST TO FILE OBJECTIONS

This habeas corpus case is before the Court upon Petitioner's Motion for Relief from Judgment (Doc. No. 61).

The Motion is brought under Fed. R. Civ. P. 60(b) without specifying which sub-section of the Rule Kaeding alleges is applicable.  The Rule provides

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Because the Motion alleges that "[t]he court's ruling is unfair and contains numerous and legal inaccuracies and does not reflect all the pertinent facts," the Magistrate Judge will treat the Motion as made under Fed. R. Civ. P. 60(b)(1).  This Court has jurisdiction to entertain the 60(b) Motion because it attacks this Court's prior judgment rather than attempting to add a new claim for relief.  *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Kaeding complains that at various points in the case, he has "directed" pleadings "specifically to the district Court," but "they were ruled on instead by the Magistrate." (Motion, Doc. No. 61, PageID 2075.)  Under the Magistrates' Act (28 U.S.C. § 636, et seq.), it is District Judges, not litigants, who decide whether a matter will be considered in the first instance by a Magistrate Judge.  The District Judges of this Court have decided that all habeas corpus cases filed *pro se* will be referred to Magistrate Judges (See General Order of Assignment and Reference, February 23, 2011, available at www.ohsd.uscourts.gov.) Under this general referral order, the Magistrate Judges decide non-dispositive motions and file reports and recommendations on dispositive motions and on the merits.  Litigants have the right to object to any magistrate judge decision and obtain review by a District Judge, but they do not have the

right to "direct" a pleading to a District Judge when that matter has been referred to a Magistrate Judge. The instant Motion, having been filed post-judgment, is deemed referred under 28 U.S.C. § 636(b)(3) and is treated as dispositive.

Kaeding also complains again about the transfer of this case from Magistrate Judge Litkovitz to Magistrate Judge Merz. As soon as he raised that objection, the undersigned explained the transfer (Order, Doc. No. 29). The facts behind the transfer – the need to balance the workload among Magistrate Judges in the District – were presented to him and he has offered no rebuttal. The situation which prompted the transfer of this case continues and resulted in the transfer of six habeas corpus cases from Cincinnati Magistrate Judges to the undersigned within the last month. Litigants also do not have the right to choose which judicial officer(s) will consider their cases. In particular, no precedent supports Kaeding's claim that he has a "liberty interest in having his petition completely dealt with by the original Magistrate." (Motion, Doc. No. 61, PageID 2068).

Kaeding has pointed to no legal or factual inaccuracy in this Court's Order of September 30, 2013 (Doc. No. 56). There is no requirement that a District Judge, in adopting a report and recommendations to which no objections have been filed, make extended findings of fact and conclusions of law. Compare Fed. R. Civ. P. 52.

Kaeding argues Magistrate Judge Litkovitz found merit in his unexhausted claims and that is why she recommended staying the case pending exhaustion of state court remedies (Motion, Doc. No. 61, PageID 2067). Instead, what Judge Litkovitz found was "the Court cannot conclude that all of petitioner's unexhausted claims are 'plainly meritless.'" (Report and Recommendations on Motion for Stay, Doc. No. 17, PageID 1346, *quoting Rhines v. Weber*, 544 U.S. 269 at 277-78 (2005).) Magistrate Judge Litkovitz's review of those claims was, of course,

before the Ohio courts had finished their review. After exhaustion, this Court's obligation was to review those claims under the AEDPA standard of deference in 28 U.S.C. § 2254(d)(1). The undersigned stated that standard of review and then applied it in the Report adopted by the Court (See Report and Recommendations, Doc. No. 45, PageID 1825.)

Kaeding's final argument is that he is "actually innocent of the charges against me." (Motion, Doc. No. 61, PageID 2076). In the Report and Recommendations on the merits which this Court has adopted, the Magistrate Judge quoted the relevant legal standard from *Schlup v. Delo*, 513 U.S. 298 (1995):

> To come within the actual innocence exception to the required showing of cause and prejudice with respect to an abuse of the writ, a habeas petitioner or §2255 movant must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. That is, the petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt' in the light of the new evidence he or she is tendering.

(Report and Recommendations, Doc. No. 45, PageID 1853.) The Report concluded:

> As the Warden points out, Kaeding has presented no new evidence of actual innocence. Every piece of evidence to which he points was available at the time of trial and either known to him or readily discoverable by him (i.e., the Konicki affidavits filed in this case in the Hamilton County Municipal Court). Kaeding does not meet the Supreme Court's actual innocence standard.

*Id.* Kaeding has never filed a specific objection to this conclusion, i.e., an objection which points to **new** evidence of his actual innocence which meets the *Schlup* standard, and he does not cite any such evidence in his instant Motion.

**Conclusion**

There is no procedural irregularity or substantive unfairness in the Court's Order adopting the Report and Recommendations. Therefore Petitioner's Motion for Relief from Judgment (Doc. No. 61) should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 18, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).