# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK H. KAEDING,

      Petitioner,     :     Case No. 1:11-cv-121

      -vs-     :     District Judge Michael R. Barrett
                                                      Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                                                             :

      Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO EXPAND THE RECORD

      This habeas corpus case is before the Court on Petitioner's Motion to Expand the Record (Doc. Nos. 64 & 66). As originally filed at Doc. No. 64, the Motion was incomplete. At the Court's request (Doc. No. 65), Petitioner has re-filed the complete document (Doc. No. 66).

      As a post-judgment motion, the Motion to Expand is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) and requires a report and recommendations.[1]

      Under Rule 7 of the Rules Governing § 2254 cases, a motion to expand the record is used to place evidence before the habeas court on which it will decide the merits of the case. This Court has already entered final judgment on the merits (Doc. Nos. 56, 57). Although Kaeding has moved to reopen the judgment (Doc. No. 61), the Magistrate Judge has recommended that Motion be denied (Doc. No. 62). Unless the District Judge reopens the judgment, the instant

---

1 Kaeding purports to direct this Motion "directly to District Judge Barrett." (Doc. No. 66, PageID 2115). As the Magistrate Judge has previously pointed out to Kaeding, litigants do not have the authority to decide which judicial officer will consider their motions in the first instance. See R&R, Doc. No. 58, PageID 2080-81.

Motion is moot and should be denied on that basis.  On the other hand, if the Court reopens the judgment, the Motion to Expand should still be denied, but on its merits.

Kaeding's request is that this Court obtain and include in the record a transcript of the grand jury proceedings in his case.  He says that this will prove his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecutor withheld impeachment evidence from the defense because it is likely that what was not presented to the grand jury was also not provided to defense counsel.  The items of evidence referred to are the Complaints filed against him in the Hamilton County Municipal Court which are attached to the Motions at PageID 2122 and 2123.

*Brady* "is concerned only with cases in which the government possesses information which the defendant does not, and the government's failure to disclose the information deprives the defendant of a fair trial." *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994).  There is no *Brady* violation where the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information or where the evidence is available to the defendant from another source. *United States v. Clark*, 928 F.2d 733, 738 (6th Cir.), *cert. denied,* 502 U.S. 846 (1991). This includes where the information is available from public records, e.g., of a witness's criminal record. *Storey v. Vasbinder*, 657 F.3d 372, 380 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S.Ct. 1760 (2012), citing *Owens v. Guida*, 549 F.3d 399, 418 (6th Cir. 2008), *cert. denied,* 558 U.S. 879 (2009).  The Complaints in question are matters of public record, available to any interested person, but certainly to Kaeding and his defense counsel.

Aside from the asserted Brady violation, Kaeding asserts the prosecutor had a duty to present these Complaints to the grand jury because they call into question the charges against him and a prosecutor has a duty "to present to the grand jury any substantial evidence that would

negate the accused's guilt, that is evidence to lead the jury not to indict." (Motion, Doc. No. 66, PageID 2116, *citing United States v. Ciambrone,* 601 F.2d 616 (2nd Cir. 1979).) However, the *Ciambrone* case holds precisely to the contrary: The Second Circuit stated,

> a prosecutor is not presently obligated to search for and submit to a grand jury evidence favorable to the defense or negating guilt, when it has not been requested by the grand jury. See United States v. Y. Hata & Co., Ltd., 535 F.2d 508, 512 (9th Cir.), Cert. denied, 429 U.S. 828, 97 S. Ct. 87, 50 L. Ed. 2d 92 (1976); United States v. Ruyle, 524 F.2d 1133, 1135-36 (6th Cir. 1975), Cert. denied, 425 U.S. 934, 96 S. Ct. 1664, 48 L. Ed. 2d 175 (1976).

601 F.2d at 622. Nor is the Magistrate Judge aware of any other authority compelling a prosecutor to submit "negative" evidence to a grand jury.

Kaeding also asserts the grand jury transcript will show his actual innocence because, when the dates of April 1 and 8, 2002, from the Complaints were read in open court, Kaeding told his lawyer that he was in prison at that time on a prior conviction (Motion, Doc. No. 66, PageID 2119). Kaeding asserts that "suddenly the story changed to 2003 and the events changed completely." *Id.* He asserts this led Judge Nadel to recuse himself from the case, but offers no proof, only speculation. The disqualification occurred on July 19, 2005, but does not recite any basis. (Entry of Disqualification, PageID 2124.) It is true that the eventual indictment and conviction were for acts of sexual conduct with the same minor child as alleged in the Complaints, but testified to have occurred in April 2003, rather than April 2002 as the Complaints allege. Kaeding was entitled to point out those inconsistencies at trial. But that does not make any possible grand jury transcript **new** evidence of actual innocence.

Finally, Kaeding asserts this Court's consideration of the grand jury transcript is not barred by *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), because it was "part of the

state record on appeal and could have been considered by the Court there." (Motion, Doc. No. 66, PageID 2120).  However, he offers no proof for this statement.  No grand jury transcript is part of the state court record filed here by the Warden.  If the grand jury proceedings had been transcribe and were available for the argument Kaeding now makes, but no such argument was made on direct appeal, then the claims relating to grand jury proceedings would be procedurally defaulted.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983)(quoting *Douglas Oil Co. v. Petrol Stops Northeast*, 441 U.S. 211, 218-219 (1979), cited favorably in *Rehberg v. Paulk*, 566 U.S. ___, 132 S. Ct. 1497, 1509; 182 L. Ed. 2d 593 (2012).  Kaeding has stated no sufficient reason for piercing the secrecy of these grand jury proceedings.  Therefore his request to expand the record by obtaining a transcript of those proceedings should be DENIED on the merits unless found to be moot.

November 21, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).