# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK H. KAEDING,

:

    Petitioner,                                   Case No. 1:11-cv-121

:                  District Judge Michael R. Barrett
  -vs-                                              Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 68) to the Magistrate Judge's Report and Recommendations on Motion to Expand the Record (the "Report," Doc. No. 67). Upon initial consideration of the Objections, District Judge Barrett has ordered the Motion to Expand recommitted to the Magistrate Judge for further analysis (Doc. No. 69).

The Motion to Expand seeks to have this Court order the Hamilton County Common Pleas Court to have the grand jury proceedings in this case transcribed and filed here as part of the record. Kaeding's theory is that the prosecutor did not present certain exculpatory evidence to the grand jury which, if the grand jury had seen it, they would never have indicted.

The Magistrate Judge recommended denying the Motion to Expand as moot because this Court has already entered judgment dismissing the Petition with prejudice.

1

Assuming the Court reaches the merits of the Motion, Kaeding says the transcript will show the Complaints initially charging Kaeding in the Hamilton County Municipal Court (PageID 2122 and 2123) were not presented to the grand jury. Kaeding argues the prosecutor had a constitutional duty to present exculpatory evidence to the grand jury and if he did not, "it is logical to conclude" he also violated his duty under *Brady v. Maryland* to provide them to defense counsel. These Complaints are said to be exculpatory because they alleged sexual conduct with the minor victim on two dates in 2002 when Kaeding was in prison; the charge in the Indictment is for a date in 2003.

The Report concluded the Complaints were not Brady material because they were on file in the Hamilton County Common Pleas Court and therefore readily available to Kaeding's counsel to use in cross-examining the victim (Report, Doc. No. 67, PageID 2132). Kaeding makes no objection on this point.

The Magistrate Judge opined the prosecutor had no duty to present these Complaints to the grand jury, distinguishing the case on which Kaeding relies, *United States v. Ciambrone,* 601 F.2d 616 (2nd Cir. 1979). Kaeding objects that *Ciambrone* stands for the proposition that a prosecutor may not obtain an indictment on evidence known to him to be perjurious (Objections, Doc. No. 68). Kaeding's point is that the prosecutor knew the day before the indictment that the dates in the Complaints were wrong. But the prosecutor did not obtain an indictment on the basis of those wrong dates[1]. Instead, he obtained an indictment for the date in 2003. In other words, once he was told that the 2002 dates were wrong, he did not present that "false" evidence to the grand jury.

---

[1] Kaeding repeatedly refers to the Complaints as "perjurious." The Complaints were sworn to on June 30, 2005, and not immediately after the criminal misconduct occurred. The dates may easily have been mistaken rather than perjurious.

As further proof of the prosecutor's misconduct, Kaeding notes that Judge Norbert Nadel recused himself the day after the conference in chambers over the incorrect dates. Kaeding admits that Judge Nadel gave no reason for his recusal, but Kaeding argues his recusal the very next day is too much of a coincidence to have been based on anything else (Objections, Doc. No. 67, PageID 2141). He admits he has no "concrete proof" and that his many requests to Judge Nadel "have been ignored." *Id.* Kaeding says if we don't believe him, we should just call Judge Nadel and ask him why he recused himself. *Id.* at PageID 2141-42. That request is denied. Judges are under no duty to explain recusals and the notion that Judge Nadel recused himself out of upset with the prosecutor's conduct is purely speculative.

Finally, Kaeding argued consideration of the grand jury transcript is not barred by *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), because it was part of the state court record on appeal. The Report noted Kaeding had offered no proof of this claim. Kaeding objects "Why would they not have been?" (Objections, Doc. No. 68, PageID 2142.) The answer is, contrary to what Kaeding assumes, that grand jury proceedings, which are secret, are rarely transcribed for purposes of appeal because they almost never form a part of the evidence on any assignment of error. What counts on appeal is the evidence at trial, not what was submitted to the grand jury.

In his Objections, Kaeding also chides the Magistrate Judge for not deciding his renewed requests for all the other motions to expand the record previously made. All such motions have previously been ruled on and will not be reconsidered at this point, judgment having already been entered.

January 14, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).