**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mark H. Kaeding,

    Petitioner,           Case No.  1:11cv121

   v.               Judge Michael R. Barrett

Warden, Lebanon Correctional Institution,

    Respondent.

<u>**ORDER & OPINION**</u>

   This matter is before the Court upon the following motions filed by Petitioner and Report & Recommendations entered by the Magistrate Judge: Petitioner's Motion for Leave to File to File Objections (Doc. 55); the Magistrate Judge's October 1, 2013 R&R regarding Petitioner's Motion for Leave to File Objections (Doc. 58); Petitioner's Motion for Relief from Judgment (Doc. 61); the Magistrate Judge's October 18, 2013 R&R regarding Petitioner's Motion for Relief from Judgment (Doc. 62); Petitioner's Motion for Expansion of the Record (Doc. 66); the Magistrate Judge's November 21, 2013 R&R regarding Petitioner's Motion for Expansion of the Record (Doc. 67); and the Magistrate Judge's January 14, 2014 Supplemental R&R regarding Petitioner's Motion for Expansion of the Record (Doc. 70).

   The Court will once again set forth the procedural history of this case.  This matter was originally referred to Magistrate Judge Karen Litkovitz.  Upon the R&R of Magistrate Judge Litkovitz, and without objection, this case was stayed while Petitioner exhausted his state remedies.  (Docs. 17, 24).  Upon the lifting of the stay, Respondent was ordered to file a supplemental return of writ within forty days of entry of the

Magistrate Judge's Order. This case was then transferred to Magistrate Judge Merz, to whom this case is now referred. Petitioner objected to the transfer on the basis that Magistrate Judge Litkovitz was already familiar with the case and Petitioner's belief that the Clerk's office in Dayton would not provide timely notice of this Court's decisions. (Doc. 28). These objections were overruled. (Doc. 29). Petitioner filed a Motion to Reconsider (Doc. 33), which was denied (Doc. 34).

Magistrate Judge Merz re-iterated that the deadline for the supplemental return of writ was July 9, 2012, and informed Petitioner that any reply would be due twenty days after the filing of the supplemental return of writ.

Respondent timely filed the supplemental return of writ on July 9, 2012. (Doc. 31.) The Magistrate Judge again notified Petitioner that any reply would be due no later than August 2, 2012. (Doc. 36.) Instead of filing a reply, Petitioner filed a motion for extension of time, which was granted. (Docs. 37, 38.) The Magistrate Judge informed Petitioner that his new deadline was October 1, 2012. (Doc. 38).

On August 24, 2012, Petitioner filed his "Traverse to the Supplemental Return." (Doc. 43).

On September 11, 2012, the Magistrate Judge denied the pending motions relating to an evidentiary hearing and additional discovery and recommended that Petitioner's petition be dismissed with prejudice. (Doc. 45).[1] Petitioner was informed that any objections were due fourteen days after being served with the R&R.

On September 18, 2012, Petitioner filed a document entitled "Petitioner's Traverse to Return of Writ." (Doc. 46). The Magistrate Judge struck this document,

---

[1]On July 27, 2012, Petitioner filed a Motion for an Evidentiary Hearing. (Doc. 35). On August 8, 2012, Petitioner filed a Motion for Leave to Conduct Additional Discovery (Doc. 40) and on August 13, 2012, Petitioner filed a Motion for Appointment of Counsel (Doc. 41).

2

explaining:

> On August 1, 2012, Petitioner sought an extension of sixty days to file traverses to both the original Return and Supplemental Return (Doc. No. 37). In response, the Court granted an extension to file "a reply/traverse" (Order, Doc. No. 38, PageID 1776). Petitioner filed a Traverse on August 24, 2012 (Doc. No. 43). The Court did not grant leave to file two separate traverses. Considering the matter to be ripe in light of the Petitioner's filing the traverse he was permitted, the Magistrate Judge prepared and filed a forty-five page Report and Recommendations on the merits of the case.

(Doc. 47, at 1-2). However, the Magistrate Judge granted Petitioner leave "to incorporate any arguments he believes have not been addressed in his objections to the Report and Recommendations, which must be filed by September 28, 2012." (Id. at 2). Petitioner did not file any objections by that date.

Instead, on September 21, 2012, Petitioner filed a Motion for Relief from Judgment (Doc. 48), arguing that the R&R was entered twenty days before his traverse was due. Petitioner also asked that the case be reassigned to Magistrate Judge Litkovitz. The Magistrate Judge denied the Motion in its entirety. (Doc. 49).

On September 26, 2012, Petitioner filed a Motion for Extension of Time. (Doc. 50). Petitioner sought an additional sixty days to file objections to the R&R. The Magistrate Judge granted the motion and gave Petitioner until November 19, 2012 to file his objections. Again, Petitioner failed to file any objections by that date. Instead, on October 3, 2012, Petitioner filed a Motion to Strike the Magistrate's R&R. (Doc. 51). Petitioner argued that the R&R was untimely and prematurely filed. Petitioner also requested that the Magistrate Judge recuse himself. On October 5, 2012, the Magistrate Judge entered a Memorandum Regarding Recusal Portion of Motion to Strike Report and Recommendations (Doc. 52), in which the Magistrate Judge

explained:

> The Magistrate Judge offers no comment on the request to strike the Report: the issues Petitioner raises have been thoroughly dealt with in the Order Striking Traverse (Doc. No. 47) and the Decision and Order Denying Motion for Relief from Judgment (Doc. No. 49). Whether to strike the Report or instead to allow the Petitioner to file objections on November 19, 2012, the date now set, is a matter for the discretion of District Judge Barrett. Alternatively, if the District Judge wishes, the Magistrate Judge will withdraw the Report and the Order Striking the Traverse and submit a substituted report and recommendations after considering the Traverse.

(Doc. 52, PageID# 1).

On November 15, 2012, Petitioner sought another extension of time and a response to the Magistrate Judge's Memorandum regarding recusal. (Doc. 53). Petitioner asked that his time to file objections be extended until after the district court ruled on his Motion to Strike the R&R. On November 15, 2012, the Magistrate Judge denied the extension of time. Petitioner did not file anything in response to this decision.

On September 30, 2013, this Court found that there were no grounds to strike the Magistrate Judge's R&R and adopted the Magistrate Judge's September 11, 2012 R&R on the Merits and dismissed the petition. Coincidentally, on the same day, Petitioner filed his Motion for Leave to file Objections. (Doc. 55). On October 1, 2013, the Magistrate Judge entered an R&R recommending that Petitioner's Motion for Leave Objections be denied as moot in light of this Court entering judgment. (Doc. 58). Petitioner objected to this R&R. (Doc. 60).

On October 17, 2013, Petitioner filed a Motion for Relief from Judgment. (Doc. 61). Petitioner explains that he did not file objections to the Magistrate Judge's September 11, 2012 R&R because he was waiting for a ruling on his Motion to Strike

the Magistrate Judge's R&R. Petitioner explains that he waited almost a year, but then decided to file his Motion for Leave to File Objections. On October 18, 2013, the Magistrate Judge entered an R&R recommending that Petitioner's Motion for Relief from Judgment be denied. (Doc. 62). Petitioner objected to this R&R. (Doc. 63).

On November 20, 2013, Petitioner filed a Motion for Expansion of the Record. (Doc. 66). Petitioner seeks to file in the record a copy of the transcript from the grand jury proceedings in his underlying state prosecution. On November 21, 2013, the Magistrate Judge entered an R&R recommending that Petitioner's Motion for Expansion of the Record be denied as moot, or in the alternative, be denied on the merits. (Doc. 67). Petitioner objected to the R&R. (Doc. 68). On January 14, 2014, the Magistrate Judge filed a Supplemental R&R. (Doc. 70). Petitioner objected to the Supplemental R&R. (Doc. 71).

While the Magistrate Judge's rulings appeared to be very clear, when this Court adopted the Magistrate Judge's September 11, 2012 R&R and dismissed the petition on the merits, the Court did not contemplate that Petitioner was awaiting a decision on his Motion to Strike. Therefore, Petitioner's Motion for Leave to File Objections (Doc. 55) and Motion for the Relief from Judgment (Doc. 61) are **GRANTED**. Accordingly, the Court **DECLINES to ADOPT** the Magistrate Judge's October 1, 2013 R&R which recommends denying Petitioner's Motion for Leave to File Objections as moot (Doc. 58); and **DECLINES to ADOPT** the Magistrate Judge's October 18, 2013 R&R which recommends denying Petitioner's Motion for the Relief from Judgment as moot (Doc. 62). Petitioner shall file any objections within **fourteen (14) days** of entry of this Order. The Court notes that Petitioner has had ample time to formulate his objections and no

5

extensions will be granted except in extraordinary circumstances.

Upon *de novo* review of Petitioner's objections to the Magistrate Judge's November 21, 2013 R&R and January 14, 2014 Supplemental R&R recommending that Petitioner's Motion for Expansion of the Record be denied, the Court finds that Petitioner's objections are not well-taken. As the Magistrate Judge explained, through the transcript of the grand jury proceedings, Petitioner intends to show that the complaints charging him were not presented to the grand jury. However, as the Magistrate Judge explained, the complaints are not *Brady* material because they were on file with the Hamilton County Common Pleas Court. The Magistrate Judge noted that Petitioner's counsel had access to the complaints, and could have used the complaints in cross-examining the victim at trial. The Magistrate Judge also noted that the prosecutor had no duty to present the complaints to the grand jury. In addition, the Magistrate Judge found that because grand jury proceedings are secret, they are rarely transcribed, and would not have been a part of the state court record on appeal. The Court finds no error in the Magistrate Judge's conclusions.

Accordingly, the Magistrate Judge's November 21, 2013 R&R (Doc. 67) and January 14, 2014 Supplemental R&R (Doc. 70) recommending that Petitioner's Motion for Expansion of the Record be denied are hereby **ADOPTED**. Petitioner's Motion for Expansion of the Record (Doc. 66) is **DENIED**.

**IT IS SO ORDERED.**

        */s/ Michael R. Barrett*
        JUDGE MICHAEL R. BARRETT