**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mark H. Kaeding,

       Petitioner,                              Case No.  1:11cv121

       v.                                    Judge Michael R. Barrett

Warden, Lebanon Correctional Institution,

       Respondent.

## ORDER & OPINION

This matter is before the Court upon the Magistrate Judge's September 11, 2012 Decision and Order Denying Motions for Evidentiary Hearing and Additional Discovery; and Report and Recommendation on the Merits. (Doc. 45). Petitioner has filed Objections. (Doc. 74).

## I.    BACKGROUND

The factual and procedural history of this case is described in the Magistrate's R&R, and the same will not be repeated except to the extent necessary to address Plaintiff's objections.

In April of 2006, Petitioner was found guilty by a Hamilton County jury of two counts of rape of a victim under thirteen years of age. The rape of the victim—who is referred to in the record as J.I.—occurred on an undetermined date or dates in April of 2003.

In his Petition, Petitioner claims the following grounds for relief: (1) Prosecutorial misconduct in violation of 5th and 14th Amendments; (2) Ineffective assistance of counsel, of both the lead detective and prosecutrix and present that proof to the jury all

violating the Petitioner's 5th, 6th and 14th Amendment rights; (3) Ineffective assistance of appellate counsel; (4) Sufficiency of the evidence, all elements of the indictment not proven beyond a reasonable doubt; (5) Prosecution withheld exculpatory evidence; (6) Conviction violates the Doctrine of Collateral Estoppel and as such deprived the court of subject matter jurisdiction; (7) Petitioner's conviction obtained through the use of known perjured testimony; (8) Judge improperly excluded exculpatory evidence as sanction for discovery violation; (9) Judge improperly excluded exculpatory evidence as sanction for discovery violation; (10) Cumulative effect of all trial errors.

The Magistrate Judge denied Petitioner's Motion for Evidentiary Hearing and Motion to Conduct Additional Discovery. The Magistrate Judge recommends that Petitioner's Petition be dismissed. Petitioner objects to the denial of his Motions and the recommended dismissal of his Petition.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

**B. <u>Motion for Evidentiary Hearing</u>**

In denying Petitioner's Motion for Evidentiary Hearing, the Magistrate Judge concluded that Petitioner failed to show that he can satisfy the standards of 28 U.S.C. § 2254(e)(2) or that the decisions of the Ohio courts on his claims are contrary to or an objectively unreasonable application of clearly established Supreme Court law.

Petitioner argues that he is entitled to an evidentiary hearing because he has alleged lack of jurisdiction and made a claim of actual innocence to excuse any procedural default.  Petitioner's argument is based on his theory that as part of proceedings before the Ohio Adult Parole Authority on November 30, 2004, a hearing officer determined that Petitioner did not have "sexual contact" (as that term in defined by Ohio Revised Code § 2907.01) with J.I. on July 21, 2004.  Petitioner claims that his conviction for the counts of rape in April of 2006 is barred by the collateral estoppel application of double jeopardy.

Under 28 U.S.C. § 2254(e)(2), if a habeas petitioner has failed to develop the factual basis of a claim in state court proceedings, "the court shall not hold an evidentiary hearing on the claim" unless the petitioner shows that:

(A) the claim relies on

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

28 U.S.C. § 2254.

Because Petitioner has failed to develop the factual basis for his claim in the state court proceedings, an evidentiary hearing cannot be granted unless Petitioner's case meets the other conditions of § 2254(e)(2). Petitioner has not identified a new rule of constitutional law, and the facts regarding the 2004 parole proceedings were known to Petitioner before his trial in 2006. Moreover, as the Magistrate Judge noted when addressing the merits of Ground 6, the finding of the hearing officer was whether Petitioner engaged in "sexual conduct" on July 21, 2004, and not whether there had ever been sexual conduct or activity between Petitioner and J.I. before that date. The Supreme Court has explained that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Therefore, the Magistrate Judge did not err in denying Petitioner's Motion for Evidentiary Hearing on this basis.

As to the remaining evidence Petitioner seeks to uncover at an evidentiary hearing, the Magistrate Judge explained that in *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011) the Supreme Court held that the AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court. Therefore, the Magistrate Judge did not err in denying Petitioner's Motion for Evidentiary Hearing on this basis.

The one exception is Petitioner's argument that an evidentiary hearing is necessary to compel the prosecutor to testify why he did not include the affidavits of Detective Konicki in discovery. However, as the Magistrate Judge explained in ruling on

the Petitioner's prosecutorial misconduct claim, this claim is procedurally defaulted. Therefore, the Magistrate Judge did not err in denying Petitioner's Motion for Evidentiary Hearing on this basis.

### C. Motion to Conduct Additional Discovery

"Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Instead, a district court has discretion to grant discovery under Rule 6 of the Rules Governing 28 U.S.C. § 2254 cases based on a fact specific showing of "good cause." *Id.* Good cause exists only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). As the Magistrate Judge explained, the limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings. *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013).

In denying Petitioner's Motion to Conduct Additional Discovery, the Magistrate Judge concluded that an attempt to obtain further information from the building owner and trying to find who might have lived at the crime scene in April of 2003, or the content of the police officer's report is based on speculation. As to what happened at the parole hearing, the Magistrate Judge noted that there is nothing to indicate that a recording was made, and in any event, in order to support Petitioner's collateral estoppel theory, the critical question is not what J.I. said, but what the hearing officer decided. Petitioner does not respond to this distinction, and instead focuses on the Magistrate Judge's conclusion that the hearing officer's determination was only with

regards to one date.  As indicated above, the Court finds no error in the Magistrate Judge's conclusion that the hearing officer's finding was limited to whether Petitioner had "sexual contact" with J.I. on July 21, 2004.  While Petitioner has a different interpretation as to what the hearing officer concluded, the Magistrate Judge was correct in concluding that any transcript of the parole hearing has no bearing on the issue of collateral estoppel.

In his remaining objection, Petitioner explains that he seeks a copy of J.I.'s initial statement to police.  Petitioner explains that in response to his request for the recorded statement, Respondent stated that the CD obtained from the Hamilton County Prosecutor's Office was damaged, but would provide another copy.  Petitioner states that Respondent never produced this copy.  Petitioner claims that this recording contains exculpatory evidence and proof of perjury committed at trial.  However, conclusory allegations are not enough to warrant discovery under Rule 6.  *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).  Moreover, the statement was provided to Petitioner's counsel during trial and counsel cross-examined J.I. using the statement. (See Doc. 14-5, PAGEID # 919, 929-931).  Therefore, Petitioner has not shown good cause to grant this discovery under Rule 6, and the Magistrate Judge did not err in denying Petitioner's Motion for Evidentiary Hearing.

### D.  Prosecutorial misconduct

The Magistrate Judge explained that Petitioner's claim in Ground One Based on prosecutorial misconduct could be divided into sub-claims one through six.

The Magistrate Judge recommends that Petitioner first, second and sixth sub-claims should be dismissed with prejudice because Petitioner has not shown that the

6

court of appeals ruling is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent; and the third, fourth and fifth sub-claims should be dismissed as being procedurally defaulted.

Petitioner does not object to the Magistrate Judge's conclusion that the third, fourth and fifth sub-claims are procedurally defaulted. Instead, Petitioner objects to the Magistrate Judge's conclusion that Petitioner has not demonstrated that the state courts' decisions on sub-claims one and two are contrary to or an unreasonable application of Supreme Court precedent.

In sub-claims one and two, Petitioner argues that the prosecutor committed misconduct during his closing argument by calling Petitioner a pedophile.[1] On direct appeal, the court of appeals concluded that "none of the instances of alleged prosecutorial misconduct was so egregious as to affect Kaeding's substantial rights or to deny him a fair trial." (Doc. 14, PAGEID #323, *State v. Kaeding*, No. C-060573 (Ohio Ct. App. Nov. 7, 2007)). The Magistrate Judge analyzed Petitioner's claim by weighing the four factors set forth in *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1355 (6th Cir. 1993) and found that the remarks were not improper within the context of the trial.

In his objections, Petitioner cites to the same four factors used by the Magistrate Judge in his analysis. Petitioner argues that the statements were not based on evidence introduced at trial, and the statements were made to mislead the jury. However, as the Magistrate Judge pointed out, the jury had heard a recorded statement Petitioner made to police in which he stated that although he might befriend young girls,

---

[1]Petitioner also states that the prosecutor referred to his prior conviction. However, there is no support for this statement in the trial transcript. (Doc. 14-7, PAGEID #1137-1142).

he would not engage in sex with them. The Magistrate Judge also noted that during the trial, evidence was introduced that Petitioner had fathered a child with a fifteen year-old girl. As the Magistrate Judge noted, the term "pedophile" is frequently used in common parlance to refer to those who sexually abuse minors of any age. The Court finds no error in the Magistrate Judge's conclusion that the court of appeals ruling is not contrary to or an objectively unreasonable application of clearly established Supreme Court.

Next, Petitioner objects to the Magistrate Judge's conclusion that Petitioner procedurally defaulted the third sub-claim that the prosecutor lied to the jury about when the J.I.'s mother said she first met Petitioner. Petitioner explains that he did not perfect a timely appeal because the Hamilton County Clerk of Courts failed to notify him that his application to reopen the direct appeal under Ohio Rule of Appellate Procedure 26(B) was denied as being untimely. However, the Magistrate Judge's discussion of Petitioner's failure to appeal the Ohio Rule of Appellate Procedure 26(B) ruling was to illustrate that Petitioner could not rely on ineffective assistance of appellate counsel to excuse the procedural default of the third sub-claim itself. Petitioner has not addressed the Magistrate Judge's conclusion that this claim was procedurally defaulted when Petitioner failed to raise it on direct appeal, and the Court finds no error in the Magistrate Judge's conclusion.

Petitioner makes a general objection to the Magistrate Judge's conclusion that the fourth sub-claim of prosecutorial misconduct is procedurally defaulted. Petitioner also objects to the Magistrate Judge's conclusion regarding the merits of this claim. While the Court finds it unnecessary to address the merits of this claim, the Court does find that the Magistrate Judge did not err in concluding that the inconsistencies between

Detective Konicki's testimony at trial and his Affidavits which were filed in support of a criminal complaint against Petitioner in the Hamilton County Municipal Court are immaterial.

Petitioner also objects to the Magistrate Judge's conclusion that the fifth sub-claim of prosecutorial misconduct is procedurally defaulted. However, the Court finds no error in the Magistrate Judge's conclusion.

Finally, Petitioner objects to the Magistrate Judge's conclusion on the merits of his sixth sub-claim of prosecutorial misconduct. In his sixth sub-claim, Petitioner claims that the prosecutor committed misconduct by "suppressing" a post-trial statement by J.I. that the sexual conduct occurred in 2004 instead of 2003, which would have meant that J.I. was thirteen, and changed the criminal penalties. The Magistrate Judge noted that the trial court denied relief based on this claim in Petitioner's first post-conviction relief petition. The court of appeals affirmed this ruling, noting that the post-trial statement was made by Lucille Moore, who the trial court found to be not credible because she was the grandmother of two of Petitioner's children; and furthermore, the statement is hearsay and does not demonstrate that the prosecution withheld exculpatory evidence. The Court finds no error in the Magistrate Judge's conclusion that the court of appeals' holding is contrary to or an objectively unreasonable application of the relevant Supreme Court precedent.

**E. Ineffective assistance of trial counsel**

The Magistrate Judge explained that Petitioner's Second Ground for Relief based on the ineffective assistance of trial counsel could also be divided into six sub-claims. The Magistrate Judge explained that the first three sub-claims should be dismissed with

prejudice because Petitioner failed to show that the First District Court of Appeals decision is contrary to or an objectively unreasonable application of *Strickland* and its Supreme Court progeny; and given an opportunity by Ohio's post-conviction statute to demonstrate prejudice from his trial attorney's alleged deficiencies, he failed to produce any evidence of prejudice. The Magistrate Judge found that the fourth, fifth and sixth sub-claims were procedurally defaulted.

As to the first sub-claim—which was based on the failure of counsel to properly admit a residential lease of defense witness Betty Sprecker—the court of appeals held that Petitioner failed to provide outside evidence that would have demonstrated a reasonable probability that, but for defense counsel's failure to present the lease, the result of Petitioner's trial would have been different. The Court notes, as a factual matter, it appears from the trial transcript that trial counsel for Petitioner did use the lease as impeachment evidence during his cross-examination of J.I. (Doc. 14-5, PAGEID #936-940). However, the trial court would not permit the lease itself to be admitted into evidence. (Doc. 14-5, PAGEID #945; Doc. 14-7, PAGEID #1114). In his objections, Petitioner does not explain how the admission of the lease itself would have changed the result of his trial. As the court of appeals explained, at trial, defense counsel extensively cross-examined J.I. concerning when she first met Petitioner. Therefore, the Court finds no error in the Magistrate Judge's conclusion that the court of appeals' decision is not contrary to or an objectively unreasonable application of *Strickland* and its Supreme Court progeny.

Petitioner objects to the Magistrate Judge's conclusion that his fourth, fifth and sixth sub-claims are procedurally defaulted. Petitioner maintains that he raised these

claims in his second successive petition for post-conviction relief. However, as the Magistrate Judge explained, Petitioner's application to reopen his direct appear under Rule 26(B) was untimely, and the Sixth Circuit has upheld the timeliness requirement of Rule 26(B) as an adequate and independent state ground. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012). The Court finds no error in the Magistrate Judge's conclusion that Petitioner's sub-claims are procedurally defaulted.

**F. Ineffective assistance of appellate counsel**

The Magistrate Judge concluded that Petitioner procedurally defaulted his claims of ineffective assistance of appellate counsel in Ground Three both by filing his application to reopen his direct appear under Rule 26(B) in an untimely manner and by failing to appeal from the denial to the Ohio Supreme Court. As explained above, Petitioner explains that he did not perfect a timely appeal because the Hamilton County Clerk of Courts failed to notify him his application to reopen the direct appeal under Ohio Rule of Appellate Procedure 26(B) was denied as being untimely. Petitioner explains that the Court Administrator prepared a letter providing a possible explanation as to why the notice was not sent to Petitioner. (See Doc. 1-1, PAGEID #113). However, regardless of why the notice was not sent to Petitioner, Petitioner's claim is still procedurally defaulted because he failed to file his application to reopen his direct appeal within the required ninety-day period. The Court finds no error in the Magistrate Judge's conclusion that Petitioner's claims of ineffective assistance of appellate counsel are procedurally defaulted.

**G. Insufficiency of the evidence**

The Magistrate Judge concluded that Petitioner's claim of insufficiency of the

evidence in Ground Four should be dismissed with prejudice on the merits.  Petitioner objects, arguing that his conviction was based solely on the inconsistent testimony of J.I.  However, as the Magistrate Judge explained, a habeas petitioner claiming insufficiency of the evidence faces a high bar in federal habeas proceedings because the claim is subject to two layers of judicial deference.  *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062, 182 L. Ed. 2d 978 (2012) (per curiam).

The First District Court of Appeals discussed the inconsistencies which Petitioner highlights in his objections.  The court explained that issues of credibility were for the jury and the jury believed the victim's testimony.  This Court can overturn this decision only if the state court decision was objectively unreasonable.  *Id.* (citing *Cavazos v. Smith*, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam)).

Petitioner argues that the trial court's inclusion of instructions on a lesser included offense demonstrates that J.I.'s testimony was not credible.  However, one of Petitioner's defenses at trial was that if any sexual activity had occurred, it would have had to have taken place in 2004 when J.I. was thirteen, not in 2003 when she was twelve.  As the First District Court of Appeals explained:

> Kaeding tried to show that the sex acts could not have occurred in 2003 by attempting to tie them to the birth of his child by another woman in 2004, and to the time that he had moved into Midge's apartment, which Kaeding contended was in 2004.  Kaeding argues that the credible evidence showed that he did not even meet the victim until 2004.

(Doc. 14, PAGEID #323, *State v. Kaeding*, No. C-060573 (Ohio Ct. App. Nov. 7, 2007)). The First District Court of Appeals also explained that there was evidence that the sexual activity occurred in 2003 based on J.I.'s testimony that the sexual activity took place in the year that her grandmother died and near her mother's birthday in April.

This decision is not objectively unreasonable. Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's claims of insufficiency of the evidence should be dismissed with prejudice on the merits.

## H. *Brady* claims

The Magistrate Judge explained that Petitioner's Fifth Ground for Relief based the prosecutor's withholding exculpatory evidence in violation of his duty under *Brady v. Maryland*, 373 U.S. 83 (1963) could be divided into four sub-claims.

The Magistrate Judge concluded that the first and second sub-claims were procedurally defaulted because these claims were presented for the first time in Petitioner's second petition for post-conviction relief. In his objections, Petitioner argues that when this case was first filed, this Court found that there was good cause for his failure to exhaust these claims in the state courts. (See Doc. 17, PAGEID # 1347). Accordingly, this Court stayed the matter and allowed Petitioner the opportunity to fully exhaust his state court remedies. However, exhaustion and procedural default are distinct concepts. As the Supreme Court has explained:

> In habeas, state-court remedies are described as having been "exhausted" when they are no longer available, regardless of the reason for their unavailability. *See Gray v. Netherland*, 518 U.S. 152, 161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, *ibid.*, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding. *Id.*, at 162, 116 S.Ct. 2074; *Coleman*, *supra*, at 744-751, 111 S.Ct. 2546.

*Woodford v. Ngo*, 548 U.S. 81, 92–93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006).

The Court finds no error in the Magistrate Judge's conclusion that Petitioner's first and

13

second sub-claims are procedurally defaulted.

The Magistrate Judge explained that the third sub-claim was presented in the first petition for post-conviction relief, and the First District Court of Appeals ruled on the merits of this claim. Petitioner's claim is based on the failure to disclose J.I.'s post-trial recantation. This recantation was presented in the affidavit of Lucille Moore. (See Doc. 1-1, PAGEID # 105). In her affidavit, Moore states that at Petitioner's sentencing hearing, she was present during a conversation between the prosecutor and J.I. Moore states that during this conversation, J.I. informed the prosecutor that the "alleged sex acts complained of took place after her 13th birthday." (Id.) Moore states that the prosecutor responded, "the trial is over, and that he did not want to get into that." (Id.)

When presented with this claim as part of Petitioner's first petition for post-conviction relief, the trial court questioned Moore's credibility, and the First District Court of Appeals affirmed. The court noted that Moore was the grandmother of two of Petitioner's children. Petitioner argues that this is insufficient to show that Moore is not credible. However, even if this Court were to agree, the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010); *see also Young v. Hofbauer*, 52 F. App'x 234, 237 (6th Cir. 2002) ("a federal habeas court may not grant relief under § 2254(d)(2) simply because the court disagrees with a state trial court's factual determination."). As the First District Court of Appeals explained, the trial court presided over Petitioner's trial. Therefore, the determination that Moore's credibility was questionable, in light of the testimony the trial court heard during trial, is

14

not unreasonable.

The Magistrate Judge assumed, without deciding, that the fourth sub-claim is procedurally defaulted. However, on the merits, the Magistrate Judge concluded that the victim's statements at the parole hearing are not *Brady* material. *See Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."); *see also Jones v. Bagley*, 696 F.3d 475, 486–87 (6th Cir. 2012) (explaining that showing an actual Brady violation is itself sufficient to show cause and prejudice).

The Magistrate Judge explained that there is no *Brady* violation where the defendant knew or should have known the essential facts permitting him or her to take advantage of any exculpatory information or where the evidence is available to the defendant from another source, such as public records. In his objections, Petitioner argues that the statements were not public records because the parole hearing information and transcripts are not made public. However, as Petitioner himself acknowledges, he knew what J.I.'s testimony at the parole hearing was. The Court finds no error in the Magistrate Judge's conclusion that J.I's statements at the parole hearing are not *Brady* material.

Petitioner also argues that the Magistrate Judge failed to consider the cumulative effect of the withheld evidence. The Court recognizes that when conducting a *Brady* materiality analysis, "a court considers the cumulative effect of the undisclosed evidence, not each item in isolation." *Doan v. Carter*, 548 F.3d 449, 460 (6th Cir. 2008). However, in this instance, considering the cumulative effect does not establish "a reasonable probability that, had the evidence been disclosed, the result of the

15

proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 129 S.Ct. 1769, 1783, 173 L.Ed.2d 701 (2009). As the Magistrate Judge explained, the evidence in sub-claims two and four is not *Brady* material because it is either publicly available or was information known to Petitioner. The evidence in sub-claims one and three has potential impeachment value, but as the Sixth Circuit has explained, "where the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence, the undisclosed evidence may be cumulative, and hence not material." *Byrd v. Collins*, 209 F.3d 486, 518 (6th Cir. 2000). The trial transcript shows that J.I. was cross-examined extensively about the dates of the sexual activity. Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's claim that the prosecutor withheld exculpatory evidence in violation of *Brady* should be dismissed with prejudice.

### I.  Collateral estoppel

The Magistrate Judge found that Petitioner's Sixth Ground for Relief based on the collateral estoppel application of double jeopardy is procedurally defaulted. The Magistrate Judge explained Petitioner did not raise this claim at trial, on direct appeal or in his first post-conviction relief petition. While Petitioner did raise it in his Application for Reopening under Ohio Rule of Appellate Procedure 26(B), the Application was dismissed as untimely. In the alternative, the Magistrate Judge found that the claim is without merit.

Petitioner objects to the Magistrate Judge's conclusion on the merits that collateral estoppel did not apply because the hearing officer was not called upon to

decide if there had ever been sexual conduct or sexual activity between Petitioner and J.I. before November 30, 2004.  However, after a review of the Violation Report (Doc. 1-1, PAGEID #95-97), the Court finds no error in the Magistrate Judge's alternative conclusion that Petitioner's Sixth Ground for Relief is without merit and should be dismissed.

**J.  <u>Perjured testimony</u>**

The Magistrate Judge concluded that Petitioner's claim in Ground Seven that his conviction was obtained through the knowing use of perjured testimony should be dismissed with prejudice on the merits.  The Magistrate Judge also concluded that Ground Seven is procedurally defaulted.  Petitioner repeats his objections which addressed the dismissal of Ground One, sub-claim four on the merits.  However, the Court finds no error in the Magistrate Judge's conclusion on the merits that Petitioner's claim regarding perjured testimony should be dismissed with prejudice.

**K.  <u>Improper exclusion of exculpatory evidence</u>**

The Magistrate Judge concluded that Petitioner's claim in Ground Eight that he was denied due process should be dismissed with prejudice, and was also procedurally defaulted.  Petitioner's claim centers on his position that the lease to the apartment that was the alleged crime scene was excluded from evidence as a sanction for a discovery violation by trial counsel.  However, a review of the trial transcript shows that this is not entirely accurate.

At trial, counsel for Petitioner used the lease for purposes of impeachment in his cross-examination of J.I.  (Doc. 14-5, PAGEID #942).  While there was some discussion out of the presence of the jury between the trial court and the attorneys that the lease

had not been produced to the prosecutor in discovery (Doc. 14-5, PAGEID #941), there was also discussion that the lease was hearsay (Doc. 14-5, PAGEID #943). The trial court did not permit the lease to be entered into evidence at that time. (Doc. 14-5, PAGEID #945). Later, in closing argument, counsel for Petitioner referred to the lease and the prosecutor objected because the lease was not in evidence. The trial court sustained the objection. (Doc. 14-7, PAGEID #1159). Regardless of the specific reason the lease was not in evidence, "a claim that the state trial court erred in the application of state law, specifically a ruling on evidence, and standing alone, . . . is simply not cognizable on habeas review." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's claim that he was denied due process based on the improper exclusion of evidence should be dismissed with prejudice.

**L.** **Improper evidentiary rulings**

The Magistrate Judge concluded that Petitioner's claim in Ground Nine that he was deprived of a fair trial and due process should be dismissed with prejudice. The Magistrate Judge noted that the only truly evidentiary matter in this ground for relief is the exclusion of the lease, which the Court has ruled on above. The Magistrate Judge discussed Petitioner's two other sub-claims, the first of which was a violation of his rights based on the trial court's denial of his motion for a mistrial. The First District Court of Appeals addressed this claim as part of Petitioner's direct appeal, and held that the trial court did not abuse its discretion in refusing to declare a mistrial because the reference to Petitioner's parole officer was fleeting. The Magistrate Judge concluded that Petitioner had not shown that this ruling was contrary to or an objectively

18

unreasonable application of clearly established Supreme Court precedent.  In his objections, Petitioner references comments made by the trial court at sidebar during the discussion of the motion for a mistrial.  However, the Court finds these comments do not establish an error in the Magistrate Judge's conclusion that this sub-claim should be dismissed on the merits.

As to Petitioner's sub-claim based on the trial court's instructing the jury on the lesser included offenses, the Magistrate Judge concluded that this claim was procedurally defaulted, and alternatively, was without merit.  Petitioner objects by repeating the same arguments he made with respect to his claim that the inclusion of the instructions demonstrates that J.I.'s testimony was not credible.  Petitioner also points out that when the prosecutor moved to include the lesser-included offenses, the trial judge stated that he had already instructed his law clerk to include those instructions in the jury instructions.  The Court again notes that one of Petitioner's defenses at trial was that if any sexual activity had occurred, it would have had to have taken place in 2004 when J.I. was thirteen, not in 2003 when she was twelve. Therefore, it was not unreasonable for the trial court, having heard the evidence on this point during the trial, to include instructions on the lesser included offenses in his draft instructions before the motion was made by the prosecutor.

As to Petitioner's third sub-claim, Petitioner argues that the trial court erred in not sustaining objections made during closing arguments, but as the Magistrate Judge explained, this claim has already been addressed in Petitioner's claim of prosecutorial misconduct.

The Magistrate Judge found that Petitioner's fourth sub-claim—regarding the

credibility of Lucille Moore—is without merit. In his objections, Petitioner clarifies that his argument is that in his post-conviction proceedings, the trial court found Moore's statements in her affidavit not credible, but the court had previously relied upon Moore's testimony during the post-trial sex offender classification hearing and sentencing.[2] However, as the Magistrate Judge noted, a ruling that a witness is credible on one topic, is not binding on a court when asked to rule upon the credibility of that witness on another topic. The Court finds no error in this reasoning, and finds no error in the Magistrate Judge's conclusion that Petitioner's claim that he was deprived of a fair trial and due process should be dismissed with prejudice.

## M. Cumulative error

The Magistrate Judge concluded that Petitioner's claim in Ground Ten that he is entitled to relief based on cumulative error should be dismissed with prejudice. As the Magistrate Judge explained, the Sixth Circuit has ruled that such a cumulative error claim is not cognizable on habeas review. *See Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)). Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's claim based on cumulative error should be dismissed with prejudice for failure to state a claim.

## N. Actual innocence

The Magistrate Judge rejected Petitioner's argument that his procedural default of several of his claims should be excused because he is actually innocent. The Magistrate Judge noted that Petitioner has not presented any "new" evidence of actual

---

[2] It appears that Moore did not testify at the post-trial sex offender classification hearing, but Dr. Carla Dreyer, who prepared a report for the court on behalf of the Court Clinic, testified that the report was based in part on an interview with Moore. (Doc. 14-8, PAGEID # 1246).

innocence.  The Court finds no error in this conclusion.

III.  **CONCLUSION**

Based on the foregoing, Petitioner's objections to the Magistrate Judge's Order

Denying Motions for Evidentiary Hearing and Additional Discovery are **OVERRULED**;

and the Magistrate Judge's September 11, 2012 R&R on the Merits (Doc. 45) is

**ADOPTED**.  It is hereby **ORDERED** that:

1.  Petitioner's petition (Doc. 1) is DENIED with prejudice;

2.  A certificate of appealability is not issued with respect to the claims
    alleged in sub-claims 1, 2 and 6 of Ground One, sub-claims 1, 2, and 3 in
    Ground Two, Ground Four, sub-claims 3 and 4 of Ground Five, Ground
    Six, Ground Seven, Ground Eight, Ground Nine and Ground Ten of the
    petition in the absence of a substantial showing that petitioner has stated
    a "viable claim of the denial of a constitutional right" or that the issues
    presented in those grounds for relief are "adequate to deserve
    encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473,
    475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983));
    *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  In addition, a certificate of appealability is not issued with respect to the
    claims alleged in sub-claims 3, 4 and 5 of Ground One, sub-claims 4, 5
    and six of Grounds Two, Ground Three, sub-claims 1 and 2 of Ground
    Five of the petition, which this Court has concluded are procedurally
    barred from review, because under the first prong of the two-part standard
    enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not find
    it debatable whether this Court is correct in its procedural ruling.  Because
    the first prong of the *Slack* test has not been met, the Court need not
    address the second prong of that test.

4.  This matter is CLOSED and TERMINATED from the active docket of this
    Court.

**IT IS SO ORDERED.**

                                   */s/ Michael R. Barrett*
                                   JUDGE MICHAEL R. BARRETT